18-1165-cv
Ark. Pub. Emps. Ret. Sys. v. Xerox Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
     RAYMOND J. LOHIER, JR.,
      *Circuit Judges*,
     ANN M. DONNELLY,*
      *District Judge*.

------------------------------------------------------------------

ARKANSAS PUBLIC EMPLOYEES
RETIREMENT SYSTEM,

    *Plaintiff-Appellant*,          No. 18-1165-cv

OKLAHOMA FIREFIGHTERS
PENSION AND RETIREMENT

---

\* Judge Ann M. Donnelly, of the United States District Court for the Eastern District of New York, sitting by designation.

SYSTEM, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

XEROX CORPORATION, URSULA M. BURNS, LUCA MAESTRI, KATHRYN A. MIKELLS, LYNN R. BLODGETT, ROBERT K. ZAPFEL, DAVID H. BYWATER, MARY SCANLON,

*Defendants-Appellees.*

------------------------------------------------------------

FOR APPELLANT:  ANDREW L. ZIVITZ (Johnston de F. Whitman, Jr., Kessler Topaz Meltzer & Check, LLP, Radnor, PA; Jonathan Gardner, David J. Goldsmith, Alfred L. Fatale III, Labaton Sucharow LLP, New York, NY *on the brief*).

FOR APPELLEES:  SANDRA C. GOLDSTEIN (Stefan Atkinson, Robert Allen, *on the brief*), Kirkland & Ellis LLP, New York, NY, *for* Xerox Corporation, Ursula M. Burns, Luca Maestri, Kathryn A. Mikells, Lynn R. Blodgett, David H. Bywater, and Mary Scanlon.

JAMES M. ADRIAN (Anna Karin F. Manalaysay, *on the brief*), Adrian & Associates, LLC, New York, NY, *for* Robert K. Zapfel.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Arkansas Public Employees Retirement System ("APERS") appeals from the judgment of the District Court (Engelmayer, J.), dismissing its claims against Xerox and the individual Defendants under § 10(b) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, and against the individual Defendants for control person liability under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). APERS alleged that Xerox and the individual Defendants made misleading statements about the capabilities of a "platform" Xerox had developed to implement Medicaid Management Information Systems for various State governments, the success Xerox was having in implementing that platform

3

in different States, and the profitability of those contracts.   We refer to these categories of statements as the "Platform Statements," "Success Statements," and "Profitability Statements," respectively.   The District Court dismissed APERS's claims on the ground that none of the alleged statements as described in the complaint were materially false or misleading.

On appeal, APERS argues principally that: (1) the Platform Statements are misleading, not puffery, or not protected by the safe harbor for forward-looking statements under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-5(c); (2) the Success Statements are not puffery, are statements of opinion that are false or misleading under the standard set forth in <u>Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund</u>, 135 S. Ct. 1318 (2015), are not forward-looking statements, or are false or misleading statements of fact; and (3) the Profitability Statements are either false or misleading or are not protected by the PSLRA's safe harbor.

Upon review of the record on appeal, we affirm the judgment substantially for the reasons stated by the District Court in its Opinion & Order dated March 20, 2018.

We have considered all the arguments raised by APERS on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court